IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KEVIN SHAWN PETTIES,

Petitioner,

v.                                                      No. CIV-06-0188 BB/WDS

ROBERT ULIBARRI, WARDEN,

Respondent.


MAGISTRATE JUDGE'S PROPOSED
FINDINGS AND RECOMMENDED DISPOSITION[1]


This is a Petition For a Writ of Habeas Corpus filed under 28 U.S.C. § 2254 by Kevin

Petties.  Petties is proceeding *pro se*.  Respondents filed an answer to the Petition, followed by a

motion to dismiss.  (Doc. 10, 11)  Petitioner has not responded to that motion to dismiss, and the

time in which to do so has passed.  The United States Magistrate Judge, having considered the

arguments of the parties, the record, relevant law, and being otherwise fully advised, finds and

recommends that the Petition should be denied.  The court makes the following findings and

recommended disposition.

CLAIMS

Petties alleges actual innocence, violations of the 5th, 6th, and 14th Amendments, makes

several evidentiary claims, and argues that he was denied effective assistance of counsel.

---

[1]Within ten (10) days after a party is served with a copy of these findings and
recommendations, that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to
such findings and recommendations.  A party must file any objections with the Clerk of the U.S.
District Court within the ten-day period allowed if that party wants to have appellate review of
the findings and recommendations.  If no objections are filed, no appellate review will be
allowed.

## FACTUAL AND PROCEDURAL BACKGROUND

This matter arises out of a shooting that took place in August 1996.  Petitioner was working the door at the X-Club in Hobbs, New Mexico.  Several of his acquaintances became involved in a dispute with several other men at another establishment in Hobbs.  Petitioner's acquaintances joined him at the X-Club.  The other men gathered nearby, drinking alcohol and displaying handguns.  Eventually, gunfire broke out between the groups.  Petitioner admitted firing at the group of men out in the street, one of whom ended up bleeding to death from a gunshot wound.  Two other men were wounded.  Petitioner was tried and convicted of Voluntary Manslaughter and Attempt to Commit First Degree Murder.  On July 22, 1997 he was sentenced to 17 years in prison followed by a two-year parole.

Petitioner filed a Motion for a New Trial, which was denied on August 4, 1997.  On the same day a Notice of Appeal was filed by Petitioner's defense counsel.  On September 12, 1997 a Second Motion for a New Trial was filed on Petitioner's behalf, the basis for the motion being the fact that medical records that had not been admitted into evidence were taken into the jury room during deliberations.  The trial court denied the motion on the basis that the it no longer had jurisdiction since the matter had been appealed.  The appellate court issued a Summary Calendar notice on December 15, 1997, proposing to affirm Petitioner's convictions for attempted murder, but reverse the conviction for voluntary manslaughter and remand for retrial on that charge.  The appellate court reassigned the matter to the General Calendar for full briefing on February 12, 1998.

While this was occurring, Petitioner and others were involved in a federal prosecution for drug trafficking.  Petitioner entered into a plea agreement, and on September 18, 1998 Petitioner was sentenced to 17 ½ years plus ten years of supervised release.  There was no agreement in the federal court to run this sentence concurrently with Petitioner's state sentence.

2

As a result, on February 4, 1999 counsel for Petitioner and for the State entered into a Stipulation Regarding Disposition of Appeal and Amended Judgment and Sentence that dismissed Petitioner's appeal with prejudice, in return for the State's agreement to run his sentence concurrently with the sentence imposed by the federal court. The stipulation contained a provision that preserved Petitioner's right to file a petition for habeas corpus on the grounds of newly discovered evidence or recantation of trial testimony by any witness. The court entered its mandate ending the appeal on February 18, 1999. The Amended Judgment and Sentence was entered on July 24, 2000.

Five months and ten days later, on January 4, 2001, Petitioner filed a Petition for the Court to issue a Writ of Coram Nobis and/or Audita Querela. Petitioner alleged that he was unaware of the stipulation that resulted in his appeal being dismissed and his sentences running concurrently. After an evidentiary hearing the Court denied the petition by order dated July 15, 2004. Petitioner filed a Petition for Writ of Certiorari on September 11, 2004. The New Mexico Supreme Court denied the Petition on September 14, 2004. One year and two days later, on September 16, 2005, Petitioner filed his federal habeas corpus petition.

## STANDARD OF REVIEW

Since Petitioner is in custody pursuant to the judgment of a State court, 28 U.S.C. § 2254 applies. Under 28 U.S.C. § 2254, a petitioner is entitled to federal habeas relief only if he can establish that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Petitioner must also satisfy the jurisdictional requirements of the Antiterrorism and Effective Death Penalty Act of 1996.

(AEDPA)

## ANALYSIS

The AEDPA provides a one-year statute of limitations for habeas corpus petitions filed by state prisoners.  28 U.S.C. §2244(d)(1).  The limitation period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Options (B)-(D) do not apply in this matter, so Petitioner's limitation period falls under subparagraph (A).  Direct review of the Petitioner's conviction and sentence concluded on February 4, 1999 when his appeal was dismissed.  §2244 also contains a provision that establishes a tolling period under certain circumstances.  §2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review. . .is pending shall not be counted toward any period of limitation under this subsection."  However, Petitioner did not file a State habeas petition, or other application for collateral review, until January 4, 2001, nearly one year after the AEDPA limitations period had expired.  Further, Petitioner waited an additional year after the dismissal of his state habeas petition before filing the instant petition.

The filing of a State habeas petition or other collateral review tolls the limitations period, it does not restart the one-year clock.  Accordingly, the instant Petition is barred, since it was filed nearly three years after the date on which the judgment became final by the conclusion of direct

4

review or the expiration of the time for seeking such review.  In light of the fact that the pleading

is time barred, the Court declines to address the merits of the Petition.

## RECOMMENDED DISPOSITION

The Court recommends that Clark's Petition for a Writ of Habeas Corpus Pursuant to 28

U.S.C. §2254, filed September 16, 2005 be DISMISSED.

_____
**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**